UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS TOOLEY,<br>an individual,<br><br>            Plaintiff,<br>vs.<br><br>DP MID RIVERS REALTY, LLC,<br>a Missouri Limited Liability Company,<br><br>SSC ST. PETERS MO LLC,<br>an Ohio Limited Liability Company,<br><br>and<br><br>SAINT PETERS ESTATE<br>CORPORATION,<br>a Missouri Corporation,<br><br>            Defendants. | CASE NO.: |

## COMPLAINT

Plaintiff, DENNIS TOOLEY through his undersigned counsel, hereby files this Complaint and sues DP MID RIVERS REALTY, LLC, a Missouri Limited Liability Company, SSC ST. PETERS MO LLC, an Ohio Limited Liability Company, and SAINT PETERS ESTATE CORPORATION, a Missouri Corporation, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.,* (hereinafter referred to as

1

the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and E.D.Mo. L.R. 3 - 2.07.

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis.

6. Defendant, DP MID RIVERS REALTY, LLC, a Missouri Limited Liability Company, (hereinafter referred to as "DP" or collectively as DEFENDANTS), is registered to do business in the State of Missouri. Upon information and belief, DP MID RIVERS REALTY, LLC is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, Mid Rivers Center, generally located at 290 Mid Rivers Mall Dr., St. Peters, Missouri 63376.

7. Defendant, SSC ST. PETERS MO LLC, an Ohio Limited Liability Company, (hereinafter referred to as "SSC" or collectively as DEFENDANTS), is registered to do business in the State of Missouri. Upon information and belief, SSC ST. PETERS MO LLC is the owner, lessee, and/or operator of the real property and improvements which

are the subject of this action, to wit: the Property, Value City Furniture, generally located at 186 Suemandy Dr., St. Peters, Missouri 63376.

8. Defendant, SAINT PETERS ESTATE CORPORATION, a Missouri Corporation, (hereinafter referred to as "SAINT PETERS" or collectively as DEFENDANTS), is registered to do business in the State of Missouri. Upon information and belief, SAINT PETERS ESTATE CORPORATION is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, Mid Rivers Center, generally located at 258 Suemandy Dr., St. Peters, Missouri 63376.

9. Defendants are responsible for complying with the obligations of the ADA.

10. All events giving rise to this lawsuit occurred in the Eastern District of Missouri, Saint Charles County, Missouri.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11. Plaintiff realleges and reavers Paragraphs 1-10 as if they were expressly restated herein.

12. The Property, a shopping plaza is open to the public and provides goods and services to the public.

13. Plaintiff MR. TOOLEY has visited the Property, generally located at 290 Mid Rivers Mall Dr., St. Peters, Missouri 63376 and attempted to utilize the facilities offered at the Property.

14. While at the property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in paragraph 17 of this Complaint.

15. MR. TOOLEY continues to desire to visit the Property, but fears that he will continue to experience serious difficulty due to the barriers discussed in paragraph 18 which still exist.

16. MR. TOOLEY plans to and will visit the property in the near future to utilize the goods and services offered thereon.

17. Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendants' failure to provide and/or correct, *inter alia,* the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

    A. Plaintiff encountered inaccessible parking designated as accessible due to excessive slopes, lack of signage, and lack of access aisles;

    B. Plaintiff encountered inaccessible ramps throughout the Property due to excessive long and cross slopes, excessive lips, lack of level landings at top of ramps, and excessively sloped side flares;

    C. Plaintiff encountered inaccessible routes throughout the Property due to excessive slopes and lack of handrails; and

    D. Plaintiff encountered inaccessible entrances due to lack of level landing at entrances to tenants.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Defendants either do not have a policy to assist people with disabilities or refuse to enforce such a policy if it does exist.

20. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

22. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANTS is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANTS to alter the facility to make them accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures.

D.       That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.       That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

By: /s/ Jeff S. Keech
Jeff S. Keech, Esq.
MO Bar ID No.: 56100
Law Offices of Jeff Keech
Chesterfield, Missouri 63017
Tel.: (314) 576-9989
Fax: (305) 891-4512
Email: jeffkeech@yahoo.com

Brian T. Ku, Esq.
Bar ID No.: 610461FL
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
brian@kumussman.com

*Attorneys for Plaintiff*